The People of the State of New York, Respondent, v Norbert Skibinski, Appellant.

Fourth Department, December 17, 1976

*Dixon & DeMarie (Joseph DeMarie* of counsel), for appellant.

*Edward C. Cosgrove, District Attorney (William Balthasar* of counsel), for respondent.

Moule, J. P. Defendant appeals from both an order denying his motion to dismiss the indictment charging him with perjury in the first degree[1] and a judgment of conviction

---

1. Section 210.15 of the Penal Law states: "A person is guilty of perjury in the first degree when he swears falsely and when his false statement (a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made."

following a nonjury trial in which he was found guilty of that crime.

This case arose out of defendant's alleged transfer of copies of plumbing examination questions to applicants for the July, 1967 Cheektowaga master plumber's examination. In April, 1974 defendant testified before the October, 1973 Erie County Grand Jury (hereinafter the 1973 Grand Jury), which was at that time investigating alleged wrongdoings in the Cheektowaga town government. In his testimony before that body defendant stated that he never gave a copy of a full plumber's examination to anyone. On March 13, 1975 the January, 1975 Erie County Grand Jury (hereinafter the 1975 Grand Jury) indicted defendant for the crime of perjury in the first degree, that body finding that defendant had actually transferred copies of the Cheektowaga master plumber's examination to two individuals and that he had perjured himself before the 1973 Grand Jury by testifying to the contrary.

Defendant's first contention on this appeal is that the indictment returned by the 1975 Grand Jury should be dismissed on the ground that the 1973 Grand Jury, before which he allegedly committed perjury, was illegally constituted and, therefore, not competent to administer a valid oath for the falsity of which perjury would lie.

In the case of *People v Attica Bros.* (79 Misc 2d 492) the Erie County jury pool, from which the members of the 1973 Grand Jury were chosen, was found to be illegally constituted in that there was a systematic exclusion of women and students from the initial selection process. It is well settled that one may successfully attack an indictment which is returned by a grand jury whose members are selected from a pool that is illegally constituted, regardless of the actual composition of the grand jury selected *(Rabinowitz v United States,* 366 F2d 34; see, also, *Taylor v Louisiana,* 419 US 522; *United States v Bryant,* 291 F Supp 542; CPL 210.35, subd 1). The rationale behind this principle is founded in the Sixth Amendment and embodies the rule that all defendants have the right to appear before grand juries whose determinations represent the judgment of a fair cross section of the community *(Taylor v Louisiana, supra,* p 528; *Rabinowitz v United States, supra,* p 58).

The 1973 Grand Jury, despite its alleged illegal constitution, did not indict defendant for any crime, nor does defendant contest any specific action taken against him by that body. In

addition, it is indisputable that the alleged illegal composition of the 1973 Grand Jury had absolutely no effect or bearing upon the testimony that was ultimately given by defendant before it. However, defendant asserts that this Grand Jury lacked *all* power to carry out its lawful function, particularly that power to lawfully administer an oath. This assertion is clearly without merit.

In *Matter of Paciona v Marshall* (45 AD2d 462) the defendant sought to dismiss an indictment returned by a grand jury chosen from this very pool on the ground that since the jury pool had been found to be illegally constituted, the grand jury itself was illegally constituted. While recognizing the possibility that the grand jury challenged was illegally constituted, this court denied defendant's motion to dismiss the indictment on the ground that the relief was not timely sought. Implicit in that determination was the fact that indictments returned by jurors chosen from the alleged illegally constituted pool were voidable, rather than void; and that, absent timely objection such indictments would stand. In this respect it cannot be said that the 1973 Grand Jury lacked *all* power to carry out its lawful function. Such a determination would lead to a contrary result; that being that all indictments returned by the 1973 Grand Jury were automatically void, regardless of whether or not they were timely contested.

Although defendant *may* have successfully contested an *indictment* returned against him by the 1973 Grand Jury, the alleged illegal composition of that body in no manner affected its right lawfully to administer an oath to him or receive testimony from him nor did its actions in any manner prejudice defendant (see *People v Petrea,* 92 NY 128; *People v White,* 44 AD2d 749, 750) nor deprive him of his constitutional rights. Since the oath issued to defendant when he testified before that body was lawfully administered, he must be held accountable for false statements uttered at that time.

The second contention raised by defendant on this appeal is that his perjury conviction should be reversed in that there did not exist sufficient corroborative evidence to sustain it.

Section 210.50 of the Penal Law states that "[i]n any prosecution for perjury * * * falsity of a statement may not be established by the uncorroborated testimony of a single witness." In its present form this section does not require that the prosecution prove its case by the direct testimony of two witnesses, but a single witness will suffice provided there are

independent corroborative circumstances (see *People v Sabella*, 35 NY2d 158). The corroboration may be direct or circumstantial evidence but, in either event, must be sufficient to connect the accused with the perpetration of the offense and lead to the inference of guilt *(People v Sabella, supra; People v Fitzpatrick*, 47 AD2d 70).

At trial the prosecution's case was based primarily upon the testimony of two witnesses, both of whom testified that they received from defendant copies of the questions that appeared on the July, 1967 plumber's examination. There is no evidence supporting the conclusion that these two witnesses were either accomplices of defendant or accomplices of each other. In that regard the testimony of each witness may be considered corroborative of the other (see *People v Potwora*, 51 AD2d 678; *People v Chamberlain*, 38 AD2d 306).

The record contains sufficient direct and circumstantial evidence to corroborate the testimony of either prosecution witness standing alone. Initially, there is the testimony of each witness corroborating that of the other; both witnesses testified that they received copies of plumbing examination questions from defendant, that defendant requested in one form or another $2,000 for the questions and that the questions passed on by defendant were exactly the same questions which appeared on the July, 1967 Cheektowaga master plumber's examination, except that they were numbered differently. In addition, the prosecution presented documentary evidence consisting of actual copies of the July, 1967 Cheektowaga plumbing examination, as well as copies of the questions provided by defendant to the two prosecution witnesses. Finally, there is defendant's testimony in which he admits that he had access to the plumbing examination, that he had discussed the examination with one of the witnesses prior to July, 1967 and that he was indeed in financial straits during that period. Aside from the testimony of either of the two prosecution witnesses, there is certainly sufficient corroborative evidence to establish that defendant had actually passed on the Cheektowaga plumbing examination to the two prosecution witnesses and that he perjured himself before the 1973 Grand Jury by testifying to the contrary.

As a final contention on this appeal defendant asserts that the prosecution failed to prove his guilt beyond a reasonable doubt.

In the exercise of their judicial function, courts have often

held that in proving guilt beyond a reasonable doubt, as a matter of law the evidence must be more than usually clear and convincing *(People v Oyola,* 6 NY2d 259, 261). "The degree of proof required may be affected by whether the testimony is contradicted by other evidence, whether it is consistent, credible or contains elements of suspicion." (p 261.) The evidence presented by the prosecution was sufficient to establish beyond a reasonable doubt that defendant swore falsely before the 1973 Grand Jury, a duly authorized body, and that his testimony was material to the proceeding.

Accordingly, the order denying defendant's motion to dismiss the indictment and the judgment of conviction should be affirmed.

CARDAMONE, SIMONS and MAHONEY, JJ., concur.

Judgment unanimously affirmed.