Joseph J aspan, J.
The defendant moves pursuant to CPL 210.20 (subd 1, pars [b], [h]) for an order dismissing the indictment upon the ground that the evidence before the Grand Jury was legally insufficient to establish the offense charged or any lesser included offense and that there exists a legal impediment to conviction of the defendant for the offense charged.
The indictment charges the defendant with perjury in the first degree alleging that sworn testimony of the defendant previously given to the Grand Jury in a gambling investigation was false as to a material matter. The People in present *531 ing this case relied upon recordings of the defendant’s conversations pursuant to a court-ordered wiretap as monitored by two detectives who identified the voices. A third detective interpreted the language indicating that they related to gambling activities.
The defendant urging the "one witness plus rule” claims that the indictment is legally deficient by reason thereof.
That rule is more formally set forth in section 210.50 of the Penal Law, which reads as follows: "In any prosecution for perjury, except a prosecution based upon inconsistent statements pursuant to section 210.20, or in any prosecution for making an apparently sworn false statement, or making a punishable false written statement, falsity of a statement may not be established by the uncorroborated testimony of a single witness.”
The key words are that "falsity may not be established by the uncorroborated testimony of a single witness.”
The purpose of the rule is to avoid unfounded perjury prosecutions based on the complaints of defeated litigants and made in retaliation against honest witnesses (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 210.50, p 497, citing Weiler v United States, 323 US 606).
In People v Fitzpatrick (47 AD2d 70, 71, revd on other grounds 40 NY2d 44), the Appellate Division pointed out that: "Where there is nothing except the testimony of a single witness, there is the so-called 'oath against oath’ ” and that alone is insufficient to establish the crime of perjury.
However, in this case we do not have a situation in which the Grand Jury was asked to believe one oath as against another. They were presented with evidence of the defendant’s oath and his allegedly contradictory conversations. The very concern of the Legislature in promulgating the two-witness rule and the concern of the courts in commenting thereon do not reach nor condemn a situation in which the defendant has supplied all of the evidence against himself.
It could be argued that section 210.50 of the Penal Law set forth the only applicable exclusions, i.e., inconsistent statements under oath (Penal Law, § 210.20), making an apparently sworn false statement (§ 210.40), and making a punishable false written statement (§ 210.45). But there is a broader exclusion inherent in the language of the statute and that *532 exclusion relates to cases where there does not exist a one-on-one confrontation. In fact, the Court of Appeals decision in Fitzpatrick departs from a literal reliance on the two-witness rule by stating that corroboration can be provided by circumstantial evidence. (See, also, La Placa v United States, 354 F2d 56, to the same effect.)
The evidence presented to the Grand Jury was legally sufficient to support the indictment.
The motion to dismiss the indictment is denied.