OPINION OF THE COURT
Frederic S. Berman, J.
The defendant is charged with perjury in the first degree, stemming from the testimony she gave on August 2, 1977 before the Department of Investigation of the City of New York. On that occasion, she denied, under oath, ever having received money or other gratuities in return for processing or expediting the payment of money owed to any contractor doing work for the City of New York. At the trial, four witnesses testified that the defendant had received money or other gratuities from contractors, but none were able to specify the dates of these transactions.
At the conclusion of the People’s case, and again, at the conclusion of all of the evidence, the defendant moved for a *594 trial order of dismissal on the grounds of legal insufficiency. Specifically, the defendant contends that there must be corroboration of each alleged payment; that at least two witnesses must testify about the same specific event in order to satisfy the corroboration requirement of section 210.50 of the Penal Law. The People, on the other hand, maintain that it need not produce two witnesses to the same specific transaction to prove the falsity of the defendant’s denial.
As it relates to the instant case, section 210.50 of the Penal Law states that the "falsity of a statement may not be established by the uncorroborated testimony of a single witness.” This is the so-called "two-witness rule,” which is intended to insure that no person can be convicted of perjury solely on the strength of "one oath against another.” (United States v Wood, 39 US 430.) In addition to the usual tests of credibility and proof beyond a reasonable doubt, the People must produce evidence from at least two sources to prove the falsity of the defendant’s statements.
The question before the court is whether two of the People’s witnesses must testify about the same specific event in order to satisfy the corroboration requirement. The People maintain that such specific corroboration is not required, either by logic or law. The defendant contends that the intendment of the statute requiring corroboration refers to the need for more than one witness to testify about the same specific event.
A thorough review of all the pertinent authorities would indicate that neither the Court of Appeals nor the Appellate Division for the First Department has ever considered this issue.
Within New York, only two cases bear any resemblance to the instant case. In People v Skibinski (55 AD2d 48), where the defendant had denied, under oath, that he ever gave a plumber’s examination to anyone, the People’s two witnesses each testified to having received a copy of the examination from defendant. Without discussion, the court held the testimony of each witness to be corroborative of the other. In the unpublished case of People v McMahon (Supreme Ct, NY County, Indictment No. N113/77, 1977, Sandler, J.), various witnesses contradicted defendant’s statements denying ever having taken or received money from police officers. Though recognizing the lack of definitive authority in New York, Judge Sandler held the evidence to be legally sufficient, even *595 though each witness had testified about a separate transaction.
Outside of New York, particularly in the Federal jurisdictions, there is more authority dealing with specificity of corroboration as it applies to the "two-witness” rule. In United States v Seavey (180 F2d 837) the fact pattern is similar to that in the instant case. Based upon the defendant’s Grand Jury testimony denying illegal payments to one Sales or other employees of the War Shipping Administration, two witnesses testified at defendant’s trial for perjury. One stated that she had seen $50 pass from defendant to Sales on one occasion. Sales himself testified to having received $125 from the defendant on another occasion. In rejecting the defendant’s contention on appeal that the two-witness rule must apply to each alleged passing of money, the court stated (supra, p 839): "It should be borne in mind that what the defendant is being prosecuted for here was not the giving or taking of bribes, but an alleged perjured statement that he had never made any payments on behalf of his employer to a given group of persons. Two witnesses testified, each to a different payment. The defendant has, therefore, been proved a perjurer by the testimony of two witnesses”.
In a similar Third Circuit case where two voters testified that they had each received money from the defendant, the court held that the rule of corroboration should not be intensified by engrafting upon it a requirement that the particular circumstances indicating falsity be corroborated as well as the falsity of the oath itself. (United States v Palese, 133 F2d 600.)
Moreover, as the Second Circuit has recently stated, the "two-witness” rule does not require the government "to prove its case twice over.” (United States v Weiner, 479 F2d 923, 927.) In Weiner, the court states (supra, p 928): "[S]ight must not be lost to those cases in which the second witness has given independent testimony of another, separate and distinct incident or transaction, which if believed, would prove that what the accused said under oath was false. This is, of course, a primary compliance with the two-witness rule, and it is of no consequence whether his testimony is corroborative of the first witness’ story in whole, in part or not at all.”
While extensive research by this court has found only one 1879 case supporting defendant’s position, i.e., the particular circumstances testified to as indicating falsity must be corroborated, and not merely the falsity of the oath itself (Williams *596 v Commonwealth, 91 Pa 493), others, including later Pennsylvania cases, hold to the contrary. In fact, the general proposition that the falsity of particular circumstances underlying a false oath need not be corroborated was established more than a century ago. (Regina v Hare, [Eng 1886] 13 Cox Cr Ca 174.) In the United States, authority is almost as old (Commonwealth v Davis, 92 Ky 460; Barton v Commonwealth, 32 SW 396 [Ky].) In Davis (supra), the defendant, a peddler, testified at a prior trial for peddling without a license that he had not been to two specific houses. On his trial for perjury, the occupant of each house testified that the defendant had in fact visited his particular house. The court (Commonwealth v Davis, 92 Ky 460, 463, supra) held that: "the evidence of the one corroborated the other, not in the fact that he had been at the particular house but that he had sworn falsely.” The charge was false swearing to one general assignment (of perjury) that he had not peddled merchandise without a license.
More recent are the cases of Commonwealth v Gore (171 Pa Super Ct 8), Commonwealth v Schindler (170 Pa Super Ct 337), and People v Mazza (182 Col 166). In Gore, the facts parallel those of the instant case. There, defendant denied having received money in connection with the issuance of building or zoning permits. On trial, there was only one assignment or charge of perjury, and the falsity of the defendant’s oath was established by witnesses, each testifying to a specific transaction. The court (Commonwealth v Gore, 171 Pa Super 8, 14, supra), in denying the defendant’s contention that there was failure of corroboration, stated: "The corroboration required is as to the crucial * * * statement of defendant under oath. Testimony of various witnesses as to different acts of extortion, while not mutually corroborative of the fact of a particular payment, was corroborative of the fundamental fact that defendant swore falsely when he testified he never received payments from anyone.”
Here, the court is satisfied that the People have met their legal burden. If the defendant had testified before the Department of Investigation and denied having received money or gratuities on a day certain, the People would have been required to show by two witnesses, or one witness and corroborating circumstances that she had received money or gratuities on that specific date. However, the count of the indictment charges defendant with perjuring herself when she generally *597 denies ever having received anything from any contractor doing work for the City of New York. More than one witness (in fact four) testified that on unspecified occasions the defendant did in fact take money or other gratuities from contractors. It is clear that each witness who thus testified was corroborative of the others.
On the basis of all of the foregoing, the defendant’s motion for a trial order of dismissal is denied.