■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JIMMY SUAREZ, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Tomei, J.), entered October 7, 1982, which granted defendant's motion to set aside the verdict rendered August 4, 1982, convicting defendant, after a jury trial, of manslaughter in the first degree. Order reversed, on the law, motion denied, verdict reinstated and matter remitted to the Supreme Court, Kings County, for further proceedings. Defendant's claim that the jury's verdict was repugnant was waived when defense counsel failed to complain of the alleged inconsistency until after the discharge of the jury, at which point it was no longer possible to remedy the defect, if any, by resubmission to the jury (*People v Satloff,* 56 NY2d 745, 746; *People v Stahl,* 53 NY2d 1048, 1050; *People v Gupta,* 86 AD2d 960, 961). Mollen, P. J., Titone, O'Connor and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIS TOMPKINS, Appellant. — Appeals by defendant from three judgments of the Supreme Court, Kings County (Goldstein, J.), all rendered March 25, 1982, convicting him of robbery in the first degree and burglary in the second and third degrees, upon pleas of guilty, and imposing sentences. Judgments affirmed. We have considered and rejected defendant's *pro se* contention of ineffective assistance of counsel. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised on these appeals. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Mangano, J. P., Gibbons, Weinstein and Brown, JJ., concur.