■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KENNY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered June 24, 1983, as amended June 28, 1983, convicting him of perjury in the first degree, upon a jury verdict, and imposing sentence. ¶ Judgment, as amended, affirmed. ¶ Defendant stands convicted of one count of perjury in the first degree for giving false testimony during a Grand Jury investigation into allegations of criminal activities in the hospital industry including, *inter alia,* whether any hospital administrators or employees were engaged in the practice of soliciting or receiving illegal kickbacks, rebates, cash payments and other benefits from vendors and suppliers to the hospitals and whether such activities contributed to Medicaid fraud. When testifying before the Grand Jury, defendant, the executive director of Deepdale General Hospital, denied ever having accepted any cash payments from any vendor doing business with the hospital. At the trial, three vendors who had conducted business with Deepdale each testified that he or she had offered cash payments to defendant and he had accepted such payments. ¶ On appeal defendant raises numerous arguments for reversal, several of which merit discussion. Initially, we reject defendant's argument that his perjury conviction should be reversed because it was based upon uncorroborated testimony given by persons from whom he had allegedly received bribes and who were, accordingly, his accomplices as a matter of law. In order to establish the case of perjury against defendant the People were required to satisfy the corroborative requirement of section 210.50 of the Penal Law which provides that "[i]n any prosecution for perjury * * * falsity of a statement may not be established by the uncorroborated testimony of a single witness." Because defendant was charged with perjury and not bribery the vendors are not his accomplices within the meaning of CPL 60.22 (see *People v McAuliffe,* 36 NY2d 820; cf. *People v Greenberger,* 96 AD2d 910). Moreover, the testimony of the three witnesses that defendant did in fact receive cash payments in the form of kickbacks may be considered corroborative of one another to the extent that they demonstrate that there were such transactions and, thus, that defendant's statements were false (see *People v Steiner,* 77 AD2d 13; *People v Skibinski,* 55 AD2d 48; *People v Calcante,* 97 Misc 2d 593; cf. *People v Sabella,* 35 NY2d 158, 167-168). ¶ We further reject defendant's claim that his false statements were not material to the matter in which they were made. Generally the question of whether a statement is material is a question of fact for the jury (see *People v Davis,* 53 NY2d 164, 170; *People v Ianniello,* 36 NY2d 137, 144, cert den 423 US 831). In the matter before us it is difficult to perceive how defendant's false statements concerning payments made to him by vendors doing business with Deepdale could be viewed as not relating to the Grand Jury investigation into alleged criminal activity in the hospital industry. We see no reason to disturb the jury's verdict implicitly resolving the issue in favor of the People. ¶ Defendant's claim that the indictment is a product of a perjury trap set by the prosecutor is similarly without merit. Whether a defendant is a victim of a perjury trap is generally a question of fact to be resolved by the jury (*People v Davis, supra,* p 174; *People v Tyler,* 46 NY2d 251, 258; *Matter of Nigrone v Murtagh,* 36 NY2d 421, 426). At bar, this issue was not properly raised at a time when it could have been submitted to the jury. Furthermore, on the instant record it cannot be said as a matter of law that defendant was led into a trap requiring reversal of his conviction and dismissal of the indictment (see *People v Tempera,* 94 AD2d 748). The prosecutor's questions were not peripheral to the investigation as was the case in *People v Tyler* (*supra*). On the contrary, such questions were directed to eliciting the facts and circumstances of the improper payments, an inquiry which was central and material to the Grand Jury investigation. In addition, the prosecutor asked

specific questions with respect to the payments made by each individual vendor providing defendant with clues as to the extent of the proof against him so that defendant's false statements appeared intentional rather than merely inadvertent. ¶ Lastly, we note that defendant's claim of repugnancy in the verdict has not been preserved for our review in consequence of defense counsel's failure to register any protest concerning the issue prior to the discharge of the jury when the court could have remedied the infirmity, if any, in the verdict by resubmission to the jury for reconsideration (see *People v Satloff,* 56 NY2d 745; *People v Stahl,* 53 NY2d 1048; *People v Suarez,* 99 AD2d 473; *People v Figueroa,* 96 AD2d 515). Even if we were to consider the error as a matter of discretion in the interest of justice, we find no repugnancy in the jury's verdict convicting defendant under count one of the indictment charging him with having falsely sworn that he never accepted any money from any vendor of the hospital and acquitting him under count two of the indictment charging him with having falsely sworn that he never had any conversations with any vendors. Only one of the vendors who testified at the trial claimed that defendant discussed the payment of money. The other two vendors testified only that they had given money to defendant which payments were accepted without discussion. The jury may have rejected the former testimony or found that it was not sufficiently corroborated to sustain a perjury conviction. There is nothing inherently inconsistent with the underlying premise that defendant accepted payments but had no conversations related thereto. Accordingly, the guilty verdict is not repugnant to the verdict of acquittal. ¶ Defendant's remaining contentions are either unpreserved or without merit. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.