OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed upon the law and facts, and information dismissed.
In the early morning of September 16, 2001, a police officer on motor patrol observed an automobile traveling at a high rate of speed, and upon stopping the vehicle, the officer saw the driver and passenger exchange positions. Discovering defendant in the driver’s seat and Daniel Pelosi in the passenger seat, the officer asked Pelosi to exit the vehicle. Following an investigation, Pelosi was charged, inter alia, with driving while intoxicated (DWI). Several days later, defendant voluntarily presented himself to another officer and executed a sworn statement in which defendant insisted Pelosi had never operated the vehicle on the night in question and never consumed alcohol. After Pelosi entered a guilty plea to a DWI offense and to violation of probation, the People charged defendant with making a punishable false written statement (Penal Law § 210.45) based on the alleged material false statements therein with respect to Pelo *82 si’s conduct in connection with the September 16, 2001 incident involving defendant.
At trial, over defendant’s objection, the People offered certificates of Pelosi’s DWI conviction and of his violation of probation which, they contended, supplied the necessary corroboration for the arresting officer’s testimony as to the operator’s identity. At the conclusion of the trial, defendant moved to dismiss the charge on the ground that the evidence was legally insufficient to corroborate the officer’s testimony, and if sufficient, it was barred by Crawford v Washington (541 US 36 [2004]).
In a prosecution for making a punishable false written statement, the “falsity of a statement may not be established by the uncorroborated testimony of a single witness” (Penal Law § 210.50). The corroboration requirement, which may be satisfied by circumstantial proof (People v Rosner, 67 NY2d 290, 296 [1986]), has been characterized as requiring proof that is “sufficient to connect the accused with the perpetration of the offense and lead to the inference of guilt” (People v Skibinski, 55 AD2d 48, 51 [1976]; see also People v Fitzpatrick, 47 AD2d 70, 71 [1975], revd on other grounds 40 NY2d 44, 54 [1976] [the evidence must be “sufficiently harmonious with (the principal witness’s) narrative as to have a tendency to furnish the necessary connection between the defendant and the crime”] [internal quotation marks omitted]). The only fact in the proffered evidence that connects the offense to which Pelosi pleaded guilty to the incident to which defendant’s statement refers is the recitation, in the certificate of conviction of DWI, that Pelosi committed the offense on September 16, 2001.
Assuming, without deciding, that proof of Pelosi’s plea to an operation-related offense committed on the same date as the incident involving defendant would supply the necessary corroboration, and that a certificate of conviction is competent evidence not only of the conviction but of any and all additional factual statements set forth therein, including, as here, the date of the commission of the offense, to wit, September 16, 2001 (see CPL 60.60), upon the facts presented, the conviction cannot stand. The court below explicitly instructed the jury that the certificates were admitted solely to prove that Daniel Pelosi pleaded guilty to DWI and violation of probation but could not be considered “prima facie proof of the specific facts underlying those guilty pleas.” Nevertheless, the People, on summation, argued that because the certificates resulted from a plea to an *83 offense involving operation alleged therein to have occurred on the same day as the incident referred to in defendant’s statement, such proof established the necessary corroboration of “the facts of that night . . . [Y]ou need to infer [from] the fact that Daniel Pelosi pled guilty that he was the driver because he pled guilty to driving that night while intoxicated” (emphasis added). Therefore, pursuant to the court’s instruction, the certificate of conviction was proof prima facie (CPL 60.60 [1]) only that Pelosi pleaded guilty to the offense and the sentence imposed, not of any facts necessary to a conviction for that offense, much less that in the course of his plea Pelosi admitted that he operated a motor vehicle at a time and place corresponding to the officer’s observations (see e.g. Merchants Mut. Ins. Co. v Arzillo, 98 AD2d 495, 506 [1984]; cf. People v Serrano, 15 NY2d 304, 310 [1965]). The jury could not have convicted defendant unless it disregarded the court’s instructions that the certificates proved only the nature of the proceedings they recorded, as opposed to the underlying facts, and inferred from the date of occurrence recorded therein not only that Pelosi operated a motor vehicle while intoxicated on the date of the incident to which defendant’s statement referred, but that said operation was in fact the operation defendant denied in his statement. As the certificates constituted the only corroborative evidence offered, there was legally insufficient proof of guilt.
We note, finally, that as defendant argued below, were the People permitted to prove, via the certificate, the date of the underlying incident or some other matter of fact exclusive of the description of the proceedings they recorded, such proof would violate Crawford v Washington (541 US 36 [2004], supra) which bars the use in a criminal case of the statements of an out-of-court declarant, even if sworn, where the accused is denied an opportunity to cross-examine the declarant. Here, the date of the incident underlying Pelosi’s plea could have derived from Pelosi’s admissions in the course of his plea, from court documents, or from other sources equally unavailable to a cross-examiner. The People cannot sidestep the constitutional right to confrontation by the expedient of employing a certificate of conviction to prove “testimonial” facts recorded therein as corroborative proof of guilt.
Rudolph, PJ., and Angiolillo, J., concur; McCabe, J., taking no part.