2015-600 W CThe People of the State of New York, Respondent,
against
Christopher Basile, Appellant.



Appeal from an order of the Justice Court of the Village of Dobbs Ferry, Westchester County (Steven P. Grant, J.), entered July 17, 2014. The order, insofar as appealed from, denied the branch of defendant's motion seeking to seal the record pursuant to CPL 160.50.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Although the records of defendant's nonjury trial are unavailable, the Justice Court order (Steven P. Grant, J.) from which defendant appeals recites that, on July 13, 2006, the court convicted defendant of, among other things, reckless driving (Vehicle and Traffic Law § 1212) and imposed sentence. The order also states that defendant paid the fine and that the court subsequently granted defendant's motion for relief from civil disabilities with respect to that judgment of conviction. Attached to defendant's motion papers is a copy of a certificate of disposition, dated October 23, 2013, which recites the disposition of the several charges before the court, including the fact that defendant was convicted of reckless driving and fined. 
Although defendant's counsel, who did not represent defendant at the trial, asserts that defendant was, in fact, acquitted of reckless driving and is entitled to the benefits of the sealing provisions of CPL 160.50, the certificate of disposition represents "presumptive evidence of the facts stated [therein]" (CPL 60.60 [1]; see e.g. People ex rel. Frantz v Smith, 35 AD3d 1024, 1024-1025 [2006]; People v Parrino, 11 Misc 3d 80, 82 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]), and counsel offers no evidence, even defendant's own affidavit, to refute either the certificate's nature or the facts set forth therein (cf. People v Lewis, 129 AD3d 637, 638 [2015]). "[T]he law . . . presumes that no official or person acting under an oath of office will do anything contrary to his official duty, or omit anything which his official duty requires to be done" (People v Dominique, 90 NY2d 880, 881 [1997]; e.g. People v Cortez, 115 AD3d 757, 758 [2014]), and "[a] presumption of regularity attaches to judicial proceedings" (People v Cruz, 14 NY3d 814, 816 [2010]), which can only be overcome by "substantial evidence" to the contrary (People v Velasquez, 1 NY3d 44, 48 [2003]). In the instant case, there are no grounds to question the propriety of the clerk's performance of her duties when producing the certificate of disposition.
Accordingly, the order, insofar as appealed from, is affirmed.
Iannacci, J.P., and Brands, J., concur.
Decision Date: January 24, 2017