SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

1186
KA 16-00609
PRESENT: CARNI, J.P., NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                          MEMORANDUM AND ORDER

LAURA VIEIRA-SUAREZ, DEFENDANT-RESPONDENT.

---

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR APPELLANT.

TISDELL MOORE AND WALTER, SYRACUSE (ROBERT L. TISDELL OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Onondaga County Court (Thomas J. Miller, J.), dated September 14, 2015. The order, insofar as appealed from, granted that part of the motion of defendant seeking to dismiss the first count of the indictment.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law, that part of defendant's omnibus motion seeking to dismiss the first count of the indictment is denied, that count is reinstated, and the matter is remitted to Onondaga County Court for further proceedings on the indictment.

Memorandum: The People appeal from an order granting defendant's motion to dismiss the first count of the indictment, which charged her with perjury in the first degree (Penal Law § 210.15), on the ground that the evidence before the grand jury is legally insufficient to establish that offense or any lesser included offense (*see* CPL 210.20 [1] [b]). The People contend that County Court erred in dismissing that count because the evidence satisfies the elements of perjury and might warrant a conviction, and because there is sufficient corroboration that defendant testified falsely. We agree.

Pursuant to Penal Law § 210.15, one "is guilty of perjury in the first degree when he [or she] swears falsely and when his [or her] false statement (a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made." Penal Law § 210.50 states, "In any prosecution for perjury, except a prosecution based upon inconsistent statements pursuant to section 210.20 . . . , falsity of a statement may not be established by the uncorroborated testimony of a single witness." In reviewing the sufficiency of the evidence presented to the grand jury, the court must view it in the light most favorable to the People (*see People v Bello*, 92 NY2d 523, 525; *People v Jennings*, 69 NY2d 103, 114). Evidence is legally

sufficient where it is "competent" and where it, "if accepted as true, would establish every element of an offense charged and defendant's commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent" (CPL 70.10 [1]). Thus, the question is whether the evidence adduced before the grand jury, if unexplained and uncontradicted, would warrant conviction by a petit jury (see *Jennings*, 69 NY2d at 115; *People v Pelchat*, 62 NY2d 97, 105).

Here, we conclude that the evidence, if accepted as true by a petit jury, would establish every element of perjury in the first degree and defendant's commission of that crime. In particular, the grand jury evidence demonstrates that defendant made statements under oath that were material to a prior grand jury proceeding, and tends to show that some such statements were false and were believed by defendant to be false at the time she made them (see Penal Law § 210.15; *see also* § 210.00 [5]). We further conclude that there is sufficient corroboration of the testimony of at least one witness tending to establish the falsity of defendant's statement before the first grand jury that she "did not instruct anybody" to use the subject room as a "time-out" room for the student in question or to place the student in that room (see § 210.50; *see generally People v Rosner*, 67 NY2d 290, 294-296; *People v Sabella*, 35 NY2d 158, 168-169). Specifically, defendant's statement before the first grand jury that she "did not instruct anybody" was refuted by the testimony of the acting vice-principal before the second grand jury that defendant had so instructed the acting vice-principal, and it likewise was refuted by the testimony of the school nurse before the second grand jury that defendant had so instructed the school nurse. Thus, there is corroborative proof "sufficient to connect the accused with the perpetration of the offense and [to] lead to the inference of guilt" (*People v Skibinski*, 55 AD2d, 48, 51; *see People v Fitzpatrick*, 47 AD2d 70, 71, *revd on other grounds* 40 NY2d 44), and to thereby satisfy the factfinder that either of those witnesses against defendant was telling the truth (see *Sabella*, 35 NY2d at 168; *Fitzpatrick*, 47 AD2d at 71). In other words, we conclude that the testimony of either witness suffices to corroborate the testimony of the other witness (*see* CPL 210.50).

We agree with the court, however, that the evidence before the grand jury is legally insufficient to establish that defendant testified before the first grand jury, whether falsely or not, that she lacked any knowledge of the room's being used as a time-out room. Therefore, as to that specification of perjury set forth in the People's bill of particulars, the charge of perjury against defendant cannot stand.

Entered: February 3, 2017                        Frances E. Cafarell
                                                  Clerk of the Court