People v Dennis (2018 NY Slip Op 00958)





People v Dennis


2018 NY Slip Op 00958


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


10 KA 16-00621

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
VENUS DENNIS AND LACINAN KONATE, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR APPELLANT.
FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-RESPONDENT VENUS DENNIS. 


 Appeal from an order of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), dated October 30, 2015. The order, insofar as appealed from, granted those parts of defendants' omnibus motions to dismiss counts one, two, and four of the indictment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law, those parts of the omnibus motions seeking to dismiss counts one, two, and four of the indictment are denied, those counts are reinstated, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings on the indictment.
Memorandum: The People appeal from an order that dismissed the first, second, and fourth counts of a seven-count indictment. The case arose from an incident in which defendants struggled with four campus security officers employed by Onondaga Community College while the officers were arresting them for disorderly conduct. During his testimony before the grand jury, one of the officers was asked whether he was designated as a peace officer, and he responded in the affirmative. The same officer also testified that he sustained injuries in the struggle. The first count of the indictment charged defendant Venus Dennis with assault in the second degree (Penal Law § 120.05 [3]). The second and fourth counts of the indictment charged each defendant with one count of resisting arrest (§ 205.30). Supreme Court granted those parts of defendants' omnibus motions seeking to dismiss those counts of the indictment on the ground that there was insufficient evidence before the grand jury that any of the officers was a peace officer. That was error.
In reviewing the sufficiency of evidence before a grand jury, a court must view all of the competent evidence in the light most favorable to the People (see People v Bello, 92 NY2d 523, 525 [1998]), and ask whether, "if accepted as true, [it] would establish every element of [the] offense charged and the defendant's commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent" (CPL 70.10 [1]; see People v Vieira-Suarez, 147 AD3d 1405, 1406 [4th Dept 2017], lv denied 29 NY3d 1088 [2017]). Thus, a court must determine "whether the evidence adduced before the grand jury, if unexplained and uncontradicted, would warrant conviction by a petit jury" (Vieira-Suarez, 147 AD3d at 1406).
To establish the crime of assault in the second degree, the People were required to prove, inter alia, that Dennis acted with the "intent to prevent a peace officer . . . from performing a lawful duty . . . [and] cause[d] physical injury to such peace officer" (Penal Law § 120.05 [3]). Likewise, to establish the crime of resisting arrest, the People were required to prove that defendants "intentionally prevent[ed] or attempt[ed] to prevent a . . . peace officer from effecting an authorized arrest" (§ 205.30). A peace officer is defined in relevant part as a "security officer [*2]employed by a community college who is specifically designated as a peace officer by the board of trustees of a community college pursuant to [Education Law § 6306 (5-a)]" (CPL 2.10 [78]). We agree with the People that the grand jury testimony of the injured officer, who testified that he was an Onondaga Community College campus security officer designated as a peace officer, is legally sufficient to establish that he was a peace officer (see People v German, 145 AD3d 1550, 1550 [4th Dept 2016], lv denied 28 NY3d 1184 [2017]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court